## STATE OF MICHIGAN
## IN THE FEDERAL DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES STEWART AS NEXT** | ) |
| **FRIEND OF MORRAH STEWART,** | ) |
| Plaintiff, | ) **CASE NO. 21:** |
| | ) **HON.:** |
| | ) **MAG:** |
| **-vs.-** | ) |
| | ) |
| **MANCHESTER COMMUNITY** | ) |
| **SCHOOLS, MANCHESTER JUNIOR** | ) |
| **SENIOR HIGH** | ) |
| **SCHOOL, MANCHESTER** | ) |
| **COMMUNITY SCHOOLS** | ) |
| **BOARD OF EDUCATION,** | ) |
| **DR. BRADLEY** | ) |
| **BEZEAU in his Individual** | ) |
| **capacity and in his official capacity as** | ) |
| **Superintendent of MANCHESTER** | ) |
| **COMMUNITY SCHOOLS** | ) |
| **DISTRICT, AND DOES 1 through** | ) |
| **100,** | ) |
| Defendants. | ) |

_____/

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**By: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com

_____/

## COMPLANT AND JURY DEMAND

**COMES NOW THE** Next Friend, **JAMES STEWART,** who bring

this lawsuit on behalf of his minor child, MORRAH STEWART, by and through

the undersigned attorney of record Jerard M. Scanland, who hereby complain of

Defendants and each them and allege as follows:

## PARTIES

**A. The Plaintiff**

1. Next Friend, **JAMES STEWART,** is the legal guardian of MS, a

minor, and brings this action on her behalf, as a student at MANCHESTER HIGH

SCHOOL located in Washtenaw County and is part of the MANCHESTER

COMMUNITY SCHOOLS DISTRICT.

2. Plaintiff MS is a student at MANCHESTER HIGH SCHOOL and

resides within the Eastern District.

**B. The Defendants**

3. Defendant, MANCHESTER HIGH SCHOOL is a public entity duly

incorporated and operating under Michigan law as a public school district.

4. Defendant, MANCHESTER COMMUNITY SCHOOLS DISTRICT

is a public entity duly incorporated and operating under Michigan law as a public

school district.

5. Defendant Manchester Schools Board of Education (the "School Board" or the "Board") is a public entity which, acting under the color of law, is responsible for the formulation and implementation of all official governmental laws, policies, regulations and procedures in effect for Manchester Schools.

6. Defendant Doctor Bradley Bezeau is at all relevant times the Superintendent of the Manchester Community Schools; in that capacity, acting under color of law, he is responsible for the implementation of all official governmental laws, policies, regulations and procedures governing Manchester Community Schools. He is sued in his official and individual capacity.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 100, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to. As such, Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and capacities of said Defendant as they become identified.

8. Upon information and belief, MANCHESTER HIGH SCHOOL

enacted a COVID safety plan at the beginning of the school year, which required masks in the classroom and in indoor common areas at all times for teachers and students.

9. In late September, Governor Whitmer announced a revision to her existing mask mandate, requiring that all students, regardless of grade, wear masks at all times in the school. Neither the Governor nor the Michigan Department of Health and Human Services have identified a reason for this change. There is no sound basis for the mask mandate: cases, hospitalizations, and deaths in Michigan remained stable throughout August and September, even as schools reopened; and according to the state's own data, only 0.01% of Michigan students were infected with COVID-19, meaning it was not significantly contributing to community spread. This was particularly so with students in the younger grades.

10. This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitution and laws of the United States; retaliating against Plaintiffs; and for refusing or neglecting to prevent such deprivations and denials to Plaintiffs.

11. This action arises under 42 U.S.C. § 1983 in relation to Defendants'

deprivation of Plaintiffs' Constitutional rights to Due Process and Equal

Protection, Privileges and Immunities clauses, under the Fifth and Fourteenth

Amendments to the United States' Constitution.

12. This action further arises under 42 U.S.C. § 1983 in relation to

Defendants' violation of Plaintiffs Ninth Amendment Rights under the United

States' Constitution.

13. Accordingly, this Court has Federal Question Jurisdiction under 28

U.S.C. §§ 1331 and 1343. This Court has authority to award the requested

declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and

damages under 28 U.S.C. § 1343(a); and attorneys' fees and costs under 42 U.S.C.

§ 1988. Plaintiffs, therefore, seek damages and declaratory and injunctive relief

accordingly.

## **VENUE**

14. The U.S. District Court for the Eastern District of Michigan is the

appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (2)

because it is the District in which Defendants either maintain offices or do

substantial official government work in, exercise their authority in their official

capacities, and will continue to enforce the Orders and Emergency Directives; and

it is the District in which substantially all of the events giving rise to the claims

occurred.

15. This case arose in Washtenaw County, and thus, this matter should be assigned to the Southern Division of the Federal District of Michigan.

16. This Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy described by Plaintiffs' Federal claims.

## BACKGROUND

17. Since the beginning of March 2020, Michigan Governor Gretchen Whitmer has exercised control over almost all areas of life. From March, the Governor has issued one hundred and ninety-two executive orders, citing the spread of COVID-19 as justification for this extraordinary exercise of authority. The Michigan Supreme Court has since held the majority of the Governor's orders unconstitutional under the Michigan Constitution, noting the "sweeping scope" of her policies and that her actions "rest[ed] on an assertion of power to reorder social life." In re Certified Questions From U.S. Dist. Court, W. Dist. of Mich., S. Div., No. 161492, 2020 WL 5877599, at *15 (Mich. Oct. 2, 2020) (hereinafter "In re Certified Questions").

18. The Michigan Supreme Court expressed hope that its "decision leaves open many avenues for the Governor and Legislature to work together to address this challenge and we hope that this will take place." Id. at *3, n.1; see also House of Representatives & Senate v. Governor, No. (Mich. Oct. 12, 2020) ("It

should again be emphasized . . . that our decision today, like our decision in In re

Certified Questions, leaves open many avenues for our Governor and Legislature

to work together in a cooperative spirit and constitutional manner to respond to the

COVID-19 pandemic."). Unfortunately, Governor Whitmer and the Defendants

have ignored this direction and continue to mandate unilateral and intrusive orders

that "reorder social life" and claim that an "emergency" requires their issuance.

See In re Certified Questions at *15.

19. Under government required COVID safety protocols, the school

required masks for all teachers, required masks for students in all grades required

masks for all students when outside the classroom, required social distancing,

promoted handwashing, and regularly disinfected surfaces.

20. This action challenges the constitutionality of Defendants' Orders and

Emergency Directives to curb Plaintiffs' civil rights and liberties by ordering

draconian measures and engaging in the intentional infliction of emotional distress

of school children and their parents, by mandating all Manchester Community

Schools and all public schools therein, fully masked while attending school.

21. The Due Process Clause of the United States Constitution does not

permit a state to infringe on the fundamental right of parents to make child rearing

decisions, including arbitrarily forcing children to wear masks in school.

22. The COVID-19 pandemic still exists and has existed – unabated and

unsuppressed – in Michigan since both the declaration of Emergency in March,

2020 and the initiation of the vaccine roll outs in December, 2020.

23. An Updated Mask and Health Guidance mandate for the 2021-22

School Year was recently issued, requiring students to wear face masks while

inside school buildings/facilities, unless medical or developmental conditions

prohibit use.

24.  Said guidelines also require all students to wear face masks on all

District buses, unless medical or developmental conditions prohibit use.

25.  More than a year after school closures began, the Centers for Disease

Control (hereinafter "CDC") acknowledges that "the limited in-person instruction

during the pandemic may have had a negative effect on learning for children and

on the mental and on the mental and emotional well-being of children." Moreover,

"[s]tudents benefit from in-person learning, and safely returning to in-person

instruction in the fall 2021 is a priority."

25. Plaintiffs seek a declaration that the enactment and enforcement of

the challenged orders violate their fundamental rights secured by the United States

and Michigan Constitutions and an order enjoining the same. Plaintiffs also seek an

award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other

applicable laws.

26. The CDC issued updated guidance for COVID-19 prevention in K-12

schools on July 9, 2021, which provides, in relevant portion, as follows: • Masks should be worn indoors by all individuals (age 2 and older) who are not fully vaccinated.

27. CDC recommended schools maintain at least 3 feet of physical distance between students within classrooms, combined with indoor mask wearing by people who are not fully vaccinated.

28. According to the CDC, children with COVID-19 typically have mild symptoms or no symptoms at all.

29. The estimated infection fatality rate for children ages 0-17 is 0.00002%.11 Put another way, children have a one in a million risk of dying from COVID-19. Moreover, a recent review found that the mortality risk for children without serious pre-existing conditions is effectively zero.

30. For all children, the mortality risk from a COVID-19 infection is lower than that from seasonal influenza. The risk of severe disease or hospitalization is about the same. There is currently no evidence of any increased mortality risk from any variant of COVID-19, including the Delta variant.

31. Over the course of the pandemic, 49,000 Americans under the age of 18 have died of all causes, according to the CDC.5 Only 335 of those deaths have been from COVID-19 — less than half as many as have died of pneumonia. Of those deaths, 116 were between the ages of 5 and 14. In 2019, more than 2,000

American children died in car crashes; each year, approximately 1,000 children die from drowning.

32. Importantly, the risk of COVID-19 mortality is significantly higher for older adults. Indeed, 80 percent of American COVID-19 deaths have been among those 65 and above. However, according to the White House, 90 percent of American seniors are now fully vaccinated.

33. If allowed to stand, Defendants' Orders and Emergency Directives will not only continue to violate Plaintiffs' rights under the United States' Constitution, but Defendants will continue to inflict massive emotional distress on students and parents across Manchester Schools.

34. A group of parents in Gainesville, FL, concerned about potential harms from masks, submitted six face masks to a lab for analysis. The resulting report found that five masks were contaminated with bacteria, parasites, and fungi, including three with dangerous pathogenic and pneumonia-causing bacteria. No viruses were detected on the masks, although the test can detect viruses. The analysis detected 11 alarmingly dangerous pathogens on the masks.

35. Accordingly, Plaintiffs bring this action challenging the Constitutionality of Defendants' Orders and Emergency Directives, which have deprived them of numerous rights and liberties under the United States Constitution along with statutory provisions.

36. In doing so, Plaintiffs seek: (1) equitable and injunctive relief to enjoin the enforcement of Defendants' Orders and Emergency Directives; (2) declaratory relief from this Court in declaring that Defendants' Orders and Emergency Directives violate Plaintiffs' civil rights under; (a) 42 U.S.C. § 1983 of the Federal Civil Rights Act ("§ 1983"), (b) the Due Process and Privileges and Immunities Clauses of the Fourteenth Amendment, (c) the Ninth Amendment and (3) attorney's fees and costs for the work done by Plaintiffs' counsel in connection with this lawsuit; and (4) for such other and further relief as the Court deems just and appropriate.

## GENERAL ALLEGATIONS

37. The global COVID-19 pandemic brought on by an infectious and communicable disease caused by the recently discovered coronavirus, has caused catastrophic and unprecedented economic damage across the globe, and with it, significant loss of life and fundamental changes to both world and national economies, and specifically, the manner in which students attend school, if at all.

38. To be sure, State and United States' officials have faced tremendous adversity in planning, coordinating, and at times executing effective nationwide and statewide policies to protect the general public's health, safety and welfare during this time of crisis.

39. However, these policies, as well-intentioned as they may be, have had an unlawful and disparate effect on some people, their health, mental wellbeing and their civil rights, to the point where life, liberty and the pursuit of happiness have been ripped away from law-abiding citizens and their children.

40. On or about March 13, 2020, President of the United States ("POTUS") Donald J. Trump proclaimed a National State of Emergency as a result of the threat of the emergence of COVID-19.

41. On March 16, 2020, POTUS announced "15 Days to Slow the Spread " – Coronavirus Guidelines for America based on the Center for Disease Control ("CDC") recommendations.

42. Though a Federal Mandate was not issued, these guidelines and recommendations for the general public and State Agencies were made based on COVID-19 projections established by the CDC and the Institute of Health Metrics and Evaluation ("IHME").

43. Specifically, since the initial outbreak in February and March of 2020, the Federal Government's projections of anticipated U.S. deaths related to the virus have decreased substantially, by an order of magnitude. Yet, despite such revisions, Defendants have continued to increasingly restrict—and in some cases have even outright banned— Plaintiffs' engagement in constitutionally-protected activities.

44. As Superintendent, Doctor Bradley Bezeau is charged with the
administration of the Manchester Schools Board of Education.

**Relevant Policies Of The Manchester Community Board Of Education:**

45. Relevant portions of the MANCHESTER COMMUNITY SCHOOLS
COVID-19 PREPAREDNESS AND RESPONSE PLAN:

> **"Facial coverings must always be worn in hallways and common areas by preK-12 students in the building except for during meals."**

> **"Facial coverings must be worn in classrooms by all students grades 6-12."**

46. The Board believes that it has the authority to enforce a mask mandate,
despite there being no federal law, or state law requiring masks in schools.

47. The ineffectiveness of masks was well known before 2020, as stated in a
New England Journal of Medicine perspective form May 2020; "We know that
wearing a mask outside health care facilities offers little, if any, protection from
infection. In many cases, the desire for widespread masking is a reflexive reaction
to anxiety over the pandemic."

48. Harms for mask wear for children is an increasing concern. While
children are a very low risk of infection and tend to spread the virus at a much
lower rate, masks have become common for school openings. A large study in
Germany among over 25,000 children reported impairments such as headache in

over 50%, fatigue (37%), difficulty concentrating (50%), and irritability (60%)

among others.

**Incidents And Impact Of Mask Mandate On Plaintiff**

49. The Plaintiff and several other students of Manchester High School

opted to not wear a facial covering and as a result of not wearing a facial covering

were segregated and brought into the library.

50. Once in the library, Plaintiff and several other students were informed by

the School Officer that he would "run there names though a computer and once he

does that, there names are in the computer forever." Many of the students,

including the Plaintiff, who decided not to wear a mask are in fact National Honors

students.

51. The students, including the Plaintiff have been called "anti-maskers,"

and on one occasion, a teacher walked out of the classroom when many of the

students including the Plaintiff refused to wear a mask.

52. The Plaintiff has been subjected to discipline including detention and

suspension. The students, including the Plaintiff are being controlled by fear of

consequences for the slightest noncompliance.

## COUNT-I
## VIOLATION OF PRODECUAL DUE PROCESS
### (5ᵗʰ and 14ᵗʰ Amendments Against All Defendants)

53. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

54. In order to establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a defendant: (a) acted under the color of state law; (b) proximately causing; (c) the plaintiff to be deprived of a federally protected right. *See 42 U.S.C. § 1983.*

55. In the instant case, Defendants unquestionably acted under the color of state law.

56. The Defendant, Doctor Bradley Bezeau is the superintendent of the Manchester Board of Education.

57. Under the Fifth Amendment to the Constitution, no person may be deprived of life, liberty, or property without due process of law. *U.S. Const. Ann., Amendment V.*

58. The Fourteenth Amendment to the Constitution applies the protections of the Fifth Amendment to state actors. *U.S. Const. Ann., Amendment XIV.*

59. Plaintiff has a constitutionally protected interest in the benefits that come from not being subject to the Board's mask mandate, including the ability to

pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits.

60. Defendants' implementation of the mask policy unlawfully deprives Plaintiff of these and other constitutionally protected interests without due process of law. Such deprivation occurred with no notice of meaningful opportunity to be heard as the Superintendent instituted the mask mandate prior to offering an opportunity for public discussion. Such deprivation was arbitrary, capricious, based on ignorance without inquiry into facts, and in violation of the School Board's own policies and other appliable laws. Such deprivation violates the Fifth and Fourteenth Amendments of the United States Constitution.

61. Plaintiff was harmed and continue to be irreparably harmed by these unlawful acts, including by suffering an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon, dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase.

62. As a direct and proximate consequence of Defendants actions, MS has suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, and emotional distress.

## COUNT-II

### 42 U.S.C. § 1983
### Violation Of Substantive Due Process
### (Fourteenth Amendment Against All Defendants)

63. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

64. In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the plaintiff to be deprived of a federally protected right. *See 42 U.S.C. § 1983.*

65. In the instant case, Defendants unquestionably acted under the color of state law.

66. The Defendant, Doctor Bradley Bezeau is the superintendent of the Manchester Board of Education.

67. Under the Fourteenth Amendment to the Constitution, and as established by state law including the state created danger doctrine, Plaintiff has a fundamental right to a public education and to an education in a sage and healthy environment.

68. Plaintiff was harmed and continue to be irreparably harmed by these unlawful acts, including by suffering an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon, dioxide, which contributes

to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase.

69. As a direct and proximate consequence of Defendants actions, MS has suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, and emotional distress.

## COUNT-III
## INTENTIONAL INFLICTION OF EMOTION DISTRESS

70. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

71. Defendants engaged in extreme and outrageous conduct by threating the students with detention, suspension and expulsion should the students decide to not wear a mask.

72. Further, the Defendants engaged in extreme and outrageous conduct by segregating the students in a different part of the school.

72. Still further, the Defendants engaged in extreme and outrageous conduct by calling the students who decided not to wear masks names.

73. Even further, the Defendants engaged in extreme and outrageous conduct by threatening to place the students names in a computer that would interfere with the students future, and actually subjecting national honors students, including the Plaintiff to discipline.

74. The extreme and outrageous conduct by all Defendants was intentional, and caused Plaintiff to suffer severe emotional distress.

75. As a direct and proximate consequence of this extreme and outrageous conduct, Plaintiff suffered severe emotional distress.

76. As a direct and proximate consequence of Defendants actions, MS has suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, and emotional distress.

## COUNT-IV
## VIOLATION OF MS'S RIGHT CO EQUAL PROTECTION UNDER THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT

77. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

78. Mask wearing students were treated differently than students who were not wearing masks in that Plaintiff and others were segregated to a  different part of the building, teachers called the students names, including "anti-maskers," and they were subjected to discipline for choosing not to wear a mask.

79. Defendants' actions and/or omissions denied MS equal protection under the law as MS suffered injuries as a result of his disparate treatment.

80. Defendants' actions and/or omissions Proximately caused MS's injuries.

81. The conduct of the Defendants was extreme and outrageous and thus they were not engaged in a school function at the time of the actions alleged above and therefore are not subject to the protections of governmental immunity.

82. As a direct and proximate consequence of Defendants actions, MS has suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, and emotional distress.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief,

1. Compensatory damages in whatever amount he is found to be entitled;

2. Exemplary damages in whatever amount he is found to be entitled;

3. Declaratory relief declaring that students are able to choose not to wear face coverings;

4. Declaratory relief declaring that any disciplinary action levied against Plaintiff as a result of the student's decision to not wear a mask shall be

forever removed from the Plaintiff's permanent record;

5.  And an award of interest, costs and reasonable attorney fees.

Dated: September 30, 2021                    Respectfully Submitted,


                                   **MUSSIN & SCANLAND, PLLC**


                                   /s/JERARD M. SCANLAND
                                   **BY: JERARD M. SCANLAND(P74992)**
                                   Attorneys for Plaintiff
                                   13351 Reeck Court, Suite 5
                                   Southgate, Michigan 48195
                                   Phone: (734)-282-6037
                                   Fax: (734)-447-5853
                                   JScanland@milawoffices.com

**STATE OF MICHIGAN**
**IN THE FEDFRAL DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JAMES STEWART AS NEXT**                    )
**FRIEND OF MORRAH STEWART,**                )
                 Plaintiff,       ) **CASE NO. 21:**
                                 ) **HON.:**
                                 ) **MAG:**

**-vs.-**                                    )
                                 )

**MANCHESTER COMMUNITY**                      )
**SCHOOLS, MANCHESTER HIGH**                  )
**SCHOOL, MANCHESTER**                        )
**COMMUNITY SCHOOLS**                         )
**BOARD OF EDUCATION,**                       )
**DR. BRADLEY**                               )
**BEZEAU in his Individual**                  )
**capacity and in his official capacity as** )
**Superintendent of MANCHESTER**              )
**COMMUNITY SCHOOLS**                         )
**DISTRICT, AND DOES 1 through**              )
**100,**                                      )
             Defendants.                 )
_____/

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**By: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com
_____/

## JURY DEMAND

**COMES NOW THE** MORRAH STEWART, through her attorneys the law firm of MUSSIN & SCANLAND, PLLC and by her respective attorney Jerard M. Scanland and hereby makes this her demand for a trial by jury.

Dated: October 8, 2021                      Respectfully Submitted,


                                   **MUSSIN & SCANLAND, PLLC**



                                   /s/JERARD M. SCANLAND
                                   **BY: JERARD M. SCANLAND (P74992)**
                                   Attorneys for Plaintiff
                                   13351 Reeck Court, Suite 5
                                   Southgate, Michigan 48195
                                   Phone: (734)-282-6037
                                   Fax: (734)-447-5853
                                   JScanland@milawoffices.com