UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEWART as next of
friend of M.S.,

      Plaintiff,

                                Civil Case No. 21-12392

v.                               Honorable Linda V. Parker

MANCHESTER COMMUNITY
SCHOOLS, et al.,

      Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 6) AND DENYING PLAINTIFF'S MOTION TO AMEND (ECF NO. 11)

This lawsuit arises from a COVID-19 Safety Plan implemented at a school in the 2021-2022 school year. Under this plan, students were required to wear masks in common spaces and hallways, except while eating. Plaintiff James Stewart is the parent of a student, M.S., and brings claims against Defendants: (1) Manchester Junior Senior High School ("Manchester High"); (2) Manchester Community Schools ("MCS"); (3) MCS Board of Education; (4) Dr. Bradley Bezeau, the Superintendent of the MCS in his individual and official capacity; and (5) MCS District, (collectively, "Defendants").

In an Amended Complaint, Plaintiff alleges the following claims:

1

I.      Violation of Prodecual [sic] Due Process (5th and 14th Amendments Against all Defendants)

II.     42 U.S.C. § 1983 Violation of Substantive Due Process (Fourteenth Amendment Against All Defendants)

III.    Intentional Infliction of Emotional Distress

IV.     Violation of the M.S.'s Right co [sic] Equal Protection under the Law as Guaranteed by the Fourteenth Amendment

(ECF No. 4.)  Plaintiff requests damages, attorneys' fees, and costs as well as declaratory relief that "students are able to choose not to wear face coverings" and "declaring that any disciplinary action levied against [M.S.] as a result of the student's decision to not wear a mask shall be forever removed from the [M.S.'] permanent record."  (*Id*., Pg ID 50-51.)

The matter is presently before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), filed December 14, 2021.  (ECF No. 6.)  The motion is fully briefed by the parties.  (ECF Nos. 9, 10.) On March 11, 2022, Plaintiff filed a motion to amend the complaint (ECF No. 11), which Defendants objected to.  (ECF No. 12.)  Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

For the reasons that follow, the Court is granting Defendants' motion and denying Plaintiff's request to amend his complaint.

## I.    Standard of Review [1]

Defendants seek dismissal of Plaintiff's Complaint pursuant to Rules

12(b)(1) and (6) of the Federal Rules of Civil Procedure.  As to Rule 12(b)(1),

Defendants argue that Plaintiff's claims are barred by the doctrines of mootness

and standing, which are questions of subject matter jurisdiction.  *See Forest City*

*Residential Mgmt., Inc. ex rel. Plymouth Square Ltd. Dividend Hous. Ass'n v.*

*Beasley*, 71 F. Supp. 3d 715, 722–23 (E.D. Mich. 2014) (citing *Stalley v. Methodist*

*Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008)).  Defendants' remaining arguments

fall under Rule 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject

matter jurisdiction.  "Rule 12(b)(1) motions to dismiss for lack of jurisdiction

generally come in two varieties: a facial attack or a factual attack."  *Gentek Bldg.*

*Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

A facial attack challenges the sufficiency of the pleading itself.  In that

instance, the court accepts the material allegations in the complaint as true and

construes them in the light most favorable to the nonmoving party.  *United States*

---

[1] In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff incorrectly cites the standard of review for a motion for summary judgement instead of what is currently present before the Court—a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  (*See* ECF No. 9 at Pg ID 151-53.)

*v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *Id.* When a factual attack, also known as a "speaking motion," raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* "[W]hen a defendant produces evidence challenging the factual existence of [subject matter jurisdiction], a plaintiff must generally prove [subject matter jurisdiction] with evidence, even at the motion-to-dismiss stage." *Harris v. Lexington-Fayette Urban Cty. Gov't*, 685 F. App'x 470, 472 (6th Cir. 2017) (citing *Taylor v. KeyCorp.*, 680 F.3d 609, 613 (6th Cir. 2012); *Superior MRI Servs., Inc. v. All Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions, however.  *See Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant" leave to amend "where justice so requires."  This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, a motion to amend a complaint should be denied if the amendment would be futile.  *See Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999).  An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6).  *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also* Miller *v. Calhoun Cnty*., 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres*., 632 F.2d 21, 23

5

(6th Cir. 1980) (noting that [a]mendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.")).

## II.   Factual Background

Since March 2020, Michigan Governor Gretchen Whitmer has issued executive orders, citing the spread of COVID-19.  However, the Michigan Supreme Court has since held the majority of the Governor's orders to be unconstitutional under the Michigan Constitution.  (ECF No. 4 ¶ 17, Pg ID 36.) (citing *In re Certified Questions From U.S. Dist. Court, W. Dist. of Mich., S. Div.*, 2020 WL 5877599, at *15 (Mich. Oct. 2, 2020)).  Plaintiff alleges that the required COVID safety protocols, including the school requiring masks for all teachers and students, curbs M.S.' civil rights and liberties.  (*Id.*, ¶¶ 19, 20, Pg ID 37.)  Plaintiff characterizes the measures as "draconian" and allege that Defendants are engaging in the intentional infliction of emotional distress of school children and their parents, by requiring that students be fully masked while attending school.  (*Id.*)

For the 2021-2022 school year, an updated mask policy was issued that required students to wear face masks while inside of school buildings, "unless medical or developmental conditions prohibit use."  (ECF No. 4 ¶ 23, Pg ID 38.) Plaintiff brings this action challenging "the Constitutionality of Defendants' Orders and Emergency Directives," which "deprived [M.S.] of numerous rights and

liberties under the United States Constitution along with statutory provisions." (*Id.*

¶ 35, Pg ID 40.)

### A.   Relevant Policy

The MCS COVID-19 preparedness and response plan required the

following:

> **Facial coverings must always be worn in hallways and common areas by preK-12 students in the building except for during meals.**
>
> **Facial coverings must be worn in classrooms by all students grades 6-12.**

(ECF No. 4 ¶ 45, Pg ID 43.)

### B.   Incidents and Impact of Mask Mandate on Plaintiff

During the 2021-2022 school year, M.S. and several other students who

attend Manchester High "opted" to not wear masks and were separated from other

students and sent to the library.  (ECF No. 4 ¶ 49, Pg ID 44.)  Once M.S. and the

students arrived at the library, a school officer notified the group that he would

"run there [sic] names though a computer and once he does that, there [sic] names

are in the computer forever." (*Id.* ¶ 50, Pg ID 44.)  Additionally, Plaintiff alleges

that M.S. has been called an "anti-masker[]," and on one occasion, a teacher

walked out of a classroom because numerous "students[,] including [M.S.] refused

to wear a mask." (*Id.* ¶ 51.)  Plaintiff also alleges that as a result of M.S. being

"subjected to discipline," she was "controlled by fear of consequences" for refusal to comply with the mask requirement.  (*Id.* ¶ 49, Pg ID 52.)

## III.   Applicable Law & Analysis

### A.   Defendants' Motion and Plaintiff's Response

Defendants seek dismissal of the Complaint, arguing first, that Plaintiff's claims are moot because M.S. is no longer required to wear a mask while attending school due to Plaintiff requesting and obtaining a medical waiver from the Health Department's order.  (ECF No. 6 at Pg ID 80.)  Second, Defendants argue that Plaintiff does not have standing because he fails to allege a sufficient injury-in-fact, the alleged harms are also not traceable to the district, and no equitable or injunctive relief by the Court would redress the mask requirement. (*Id.* at Pg ID 80-81.)  Third, Defendants argue that "the [d]istrict is entitled to state law immunity for actions taken in compliance with a health order that is intended to slow the spread of COVID-19 . . . [a]nd the Superintendent is entitled to qualified immunity since there is no fundamental right to attend school without wearing a mask when required, nor did that right exist prior to the [d]istrict's compliance with the Health Department's order."  (*Id.* at Pg ID 81.)  Finally, Defendants argue that Plaintiff fails to state procedural or substantive due process claims under the Fourteenth Amendment or an equal protection challenge as masks are subject to

rational basis review.  Defendants also request that the Court decline to accept supplemental jurisdiction of the remaining state law claim (Count III).

In response to Defendants' motion, Plaintiff clarifies that he brings the action because of the horrible treatment M.S. was subjected to including being "segregated into a learning center, treated like a pariah, segregated in a cafeteria, called names, and segregated in her own classroom."  (ECF No. 9 at Pg ID 148.) Plaintiff argues that his claims are not moot under the capable of repetition, yet evading review exception.  (*Id.* at Pg ID 154-55.)  Plaintiff also argues that he has standing because Plaintiff is not challenging the mask mandate as set forth by the Health Department, but "Plaintiff is challenging the policy of the school regarding facial coverings and the horrible treatment, [M.S.] was subjected to following her decision to not wear a mask."  (*Id.* at Pg ID 157.)  Plaintiff argues that there is no qualified immunity because there is a clearly established right that Defendants violated. (*Id.* at Pg ID 161-63.)  Finally, Plaintiff argues that he has plausibly alleged procedural and substantive due process claims under the Fourteenth Amendment, and a violation of M.S.' rights under the Equal Protection Clause. (*Id.* at Pg ID 163-70.)  Further, Plaintiff requests that the Court should exercise

supplemental jurisdiction because of the "interests of judicial economy and the avoidance of multiplicity of litigation."  (ECF No. 9 at Pg ID 171.)

### B.   Justiciability

#### i.   Mootness

Defendants argue that the lawsuit should be dismissed as moot because M.S. received a medical waiver, which now exempts her from the requirement to wear a mask.  (ECF No. 6 at Pg ID 80.)  In response, Plaintiff claims that the lawsuit is not moot because the alleged harm is capable of repetition, yet evading review, which is an exception to mootness.  (ECF No. 9 at Pg ID 154-55.)

Article III of the Constitution "confines the power of the federal courts to adjudication of 'cases' or 'controversies,'" thus, the "mootness doctrine . . . demands a live case-or-controversy when a federal court decides a case." *Ky. Right to Life v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997) (citations omitted). "The first exception is that a defendant's 'voluntary cessation' of challenged conduct moots a case only if there is 'no reasonable expectation that the alleged violation will recur.'" *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022) (en banc).  Secondly, "[t]he Supreme Court has carved out a mootness exception for issues 'capable of repetition, yet evading review.'" *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004) (citing *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911).  Specifically, this exception applies where: "(1) the

challenged action was in its duration too short to be fully litigated prior to its

cessation or expiration; and (2) there was a reasonable expectation that the same

complaining party would be subjected to the same action again." *Id.* (citing

*Weinstein v. Bradford*, 423 U.S. 147, 148 (1975); *see also Thomas Sysco Food*

*Servs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993) (noting that this exception only

applies in *exceptional* cases) (emphasis added).

Here, Plaintiff acknowledges that "[s]hortly after the matter was filed,

[M.S.] obtained a medical exemption from the school 'mask' policy."  (ECF No. 9

at Pg ID 155.)  As such, the facts of this case do not support the application of the

"capable of repetition, yet evading review" exception.  Regarding the first prong of

the test, Plaintiff does not even attempt to demonstrate that the "challenged action

was in its duration too short to be fully litigated prior to its cessation or

expiration." *Chirco* 384 F.3d at 309.  Instead, Plaintiff merely reiterates that

"students should have the right to choose not to wear mask and should be free from

segregation should they choose not to." (ECF No. 9 at Pg ID 155.)  Regarding the

second prong, there is no indication in the record that there is a reasonable

expectation that M.S. will be subjected to the mask requirement.  Plaintiff does not

provide any argument to the contrary but focuses on how the requirement causes

M.S. to experience "horrible disparate treatment" because of her choosing not

wearing a mask.  (ECF No. 9 at Pg ID 156.)  Due to the lack of evidence and the

fact that M.S. is now exempt from the mask requirement, the Court therefore

concludes that the capable of repetition, yet evading review exception to the

mootness rule does not apply in this case.  As such, the claims seeking prospective

relief are moot.

### ii. Standing

Defendants challenge standing for three reasons.  First, Plaintiff "fails(s) to

allege injury-in-fact that is sufficient . . . to support standing."  (ECF No. 6 ¶ 8, Pg

ID 67.)  Second, "the alleged injuries or harms are not traceable to [Defendant] but

flow from the mask order."  (*Id.*)  Third, "no equitable or injunctive relief the

Court could enter as against [Defendant] would redress the requirement that [the

parties] are legally required to comply with the Mask . . . Orders issued by the

Health Department."  (*Id.*)  Plaintiff's only response to Defendant's arguments is

that he has standing because "[M.S.] is subject to name calling, being segregated

from other students," and being "threatened by the superintendent and the school's

officer."  (ECF No. 9 at Pg ID 159.)  After careful review of the record, the Court

does not find that Plaintiff satisfies the elements of standing.

"Under Article III of the Constitution, federal courts may adjudicate only

actual, ongoing cases or controversies."  *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d

588, 595 (6th Cir. 2014) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477

(1990)).  "Courts have explained the 'case or controversy' requirement through a

series of 'justiciability doctrines,' including, 'perhaps the most important,' that a litigant must have 'standing' to invoke the jurisdiction of the federal courts." *Parsons v. United States Dep't of Justice*, 801 F.3d 701, 709-10 (6th Cir. 2015) (quoting *Nat'l Rifle Assoc. Of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997)).

To establish standing, a plaintiff must show that: (1) [she] has suffered an injury-in-fact that is "concrete and particularized" and "Actual or imminent"; (2) the injury is "fairly . . . trace[able] to the challenged action of the defendant"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted).  "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

Plaintiff argues that by being subject to the school's mask policy, M.S. was deprived of her Constitutional rights, including "the fundamental right of parents to make child rearing decisions, including arbitrarily forcing children to wear masks in school" in violation of the Fourteenth Amendment Due Process Clause. (ECF No. 4 ¶ 21, Pg ID 37.)  However, the Sixth Circuit, citing the Supreme Court in *Troxel v. Granville*, 530 U.S. 57 (2000), clarified this purported right in rejecting a constitutional challenge to a school dress code stating:

> The critical point is this: While parents may have a fundamental right to decide whether to send their child to a public school, they do not have a fundamental right generally to direct how a public school teaches their child.

13

> Whether it is the school curriculum, the hours of the school day, school discipline, the timing and content of examinations, the individuals hired to teach at the school, the extracurricular activities offered at the school or, as here, a dress code, these issues of public education are generally 'committed to the control of state and local authorities.'

*Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 395-96 (6th Cir. 2005) (emphasis in original) (quoting *Goss v. Lopez*, 419 U.S. 565, 578, (1975)). Furthermore, other courts directly negate the notion that a mask requirement violates any recognized Constitutional right. S*ee Oberheim v. Bason*, 565 F. Supp. 3d 607, 622 (M.D. Pa. 2021) (concluding that a mask requirement for schools does not infringe on any constitutionally guaranteed rights of the students or their parents); *see also W.S. by Sonderman v. Ragsdale*, 540 F. Supp. 3d 1215, 1218 (N.D. Ga. 2021) (holding that "[t]he [mask] mandate neither discriminates against a protected class nor infringes a fundamental right.").

Plaintiff has not identified "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560-61 (internal citations omitted).  As such, Plaintiff has not alleged an injury-in-fact and lacks standing to bring his claims.

### iii.   Qualified Immunity

Defendants argue that Superintendent Bezeau is entitled to qualified immunity against Plaintiff's claims.  (ECF No. 6 ¶ 12, Pg ID 68.)  Qualified

immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800 (1982)).  A two-prong test is used to determine whether qualified immunity applies: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (quoting *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008)).

Defendants argue that Superintendent Bezeau is entitled to qualified immunity because there is not a clearly established right that is violated by requiring masks to be worn in schools.  Plaintiff, as with the majority of his arguments, does not directly respond to Defendants' assertion.  Instead, Plaintiff argues "that [children] clearly have an established right to attend [a] school that avoids segregation of students . . . "  (ECF No. 9 at Pg ID 130.)  This District concluded that "[w]hile there is a right to access public education, federal and state courts have held that there is no constitutional right to public education where COVID-19 health measures place conditions on in-person learning for the safety of others." *Lewandowski on behalf of T.L. v. Southgate Cmty. Sch. Bd. of Educ.*, No. 21-12317, 2022 WL 125536, at *3 (E.D. Mich. Jan. 12, 2022).  Thus, Defendants'

qualified immunity defense stands because Plaintiff has not shown that there is a

clearly established right that has been violated at the time Defendants acted.  As

such, Defendants are entitled to qualified immunity.

### C.    Merits

The Court finds that Plaintiff's claims requesting prospective relief are moot,

that Plaintiff lacks standing for failure to allege an injury-in-fact, and

Superintendent Bezeau is entitled to qualified immunity.  As such, Plaintiff's

complaint could be dismissed on these grounds alone.  However, the Court elects

to address Plaintiff's constitutional claims on the merits.

### i.    Constitutional Claims

Defendants argue that Plaintiff fails to state a claim for relief under both the

Fifth Amendment and the Fourteenth Amendment's Procedural Due Process

Clauses, the Fourteenth Amendment's Substantive Due Process Clause, or the

Equal Protection Clause.  Regarding the merits of the constitutional claims,

Defendants assert that Plaintiff's substantive due process and equal protection

claims should be assessed under rational basis review.  (ECF No. 6 at Pg ID 100-

03.)  Plaintiff concedes in her response to the motion to dismiss that the substantive

due process claim is subject to rational basis. (ECF No. 9 at Pg ID 132.)

Defendants argue that Plaintiff's Fifth Amendment Procedural Due process

claim fails on the merits because the Fifth Amendment only applies to the federal

government.  The Court agrees.  It is settled precedent that the proper mechanism

to bring a suit against a state is the Fourteenth Amendment, not the Fifth

Amendment.  *See Myers v. Vill. of Alger, Ohio*, 102 F. App'x 931, 933 (6th Cir.

2004) (citing *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000)

("the Fifth Amendment applies to the federal government, not state or local

governments").  As such, Defendant's Fifth Amendment due process claim is

without merit as a matter of law.

Defendants argue that Plaintiff's Fourteenth Amendment Procedural Due

Process claim fails because Plaintiff cannot show "any liberty or property interest

at issue." (ECF No. 6 ¶ 16, Pg ID 69.)  Defendants also argue that Plaintiff is

precluded from asserting a due process claim since the mask requirement is

considered "legislative in nature" (*Id.*)

The Due Process Clause of the Fourteenth Amendment protects individuals

from state actions that deprive the individual of life, liberty, or property without

due process of law.  U.S. Const. amend. XIV, § 1.  "To prevail on a procedural due

process claim, [the plaintiff] must establish that it possessed a constitutionally

protected interest, that it was deprived of that interest, and that the state did not

afford it adequate procedural rights prior to depriving it of that interest." *Machisa

v. Columbus City Bd. of Educ.*, 563 F. App'x 458, 462 (6th Cir. 2014) (citing

*Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 830 (6th Cir.

2009).  "Substantive due process is '[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed.'"  *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (quoting *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir.1992).  Further, it provides protection to "a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'"  *Id.* (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 249–50 (6th Cir.2003).

Defendants argue that Plaintiff's allegation that M.S.' procedural and substantive due process rights were violated is without merit.  In response, Plaintiff appears to argue that the due process right at issue is "[M.S.'] right to attend a school that is free from segregation, desperate treatment, and threats." (ECF No. 9 at Pg ID 165.) "Although it may contravene popular belief, there is no fundamental right to an education upon which a Due Process violation may be brought."  *Lewandowski on behalf of T.L.*, 2022 WL 125536, at *3 (citing *Plyler v. Doe*, 457 U.S. 202, 223 (1982)).  Even if the Court were to find that there was a deprivation of a constitutional right requiring a hearing before that deprivation took place, "summary administrative action may be justified in emergency situations." *Libertas Classical Ass'n v. Whitmer*, 498 F. Supp. 3d 961, 976 (W.D. Mich. 2020)

(quoting *Hodel v. Virginia Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299

(1981)) (collecting cases).  "Under the sort of emergency situation presented by

COVID-19, courts have found that a pre-deprivation hearing is not required."  *Id.*;

*see also McArthur v. Brabrand,* No. 121CV1435LMBIDD, 2022 WL 2528263, at

*12 (E.D. Va. July 7, 2022) (holding that "the exigent and constantly changing

circumstances of a global pandemic would still justify 'summary administrative

action' under the 'emergency situation exception' to due process.").  Regarding

Plaintiff's substantive due process claim, since there is no fundamental right to

education, rational basis review would apply here.[2]

Defendants also argue that Plaintiff's equal protection claim fails on the

merits because Plaintiff does not allege that M.S. is a member of a suspect or

quasi-suspect classification.  (ECF No. 6 at Pg ID 102.)  Plaintiff argues that M.S.

experienced "disparate and irrational" treatment due to being "segregated" from

other students, in violation of her equal protection rights.  (ECF No. 9 at Pg ID

170.)

The Equal Protection Clause of the Fourteenth Amendment provides that a

state shall not "deny to any person within its jurisdiction the equal protection of the

laws."  U.S. Const. amend. XIV, § 1.  Accordingly, the Equal Protection Clause

---

[2] Since Plaintiff raises the same alleged violations of the right to education free
from wearing masks for both of his substantive due process and equal protection
claims, the Court will address them concurrently under the rational basis analysis.

prohibits states from "making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)).

Plaintiff argues that his equal protection claim is premised on disparate treatment based on M.S.' *choice* to not wear a mask, despite the school requirement. (*See* ECF No. 9 at Pg ID 170.) Further, the Court notes that in the Amended Complaint, Plaintiff alleges under his equal protection claim that "mask wearing students were treated differently than students who were not wearing masks," and others were "segregated. . . for choosing not to wear masks." (ECF No. 4 ¶ 78, Pg ID 49.). School children being separated from others for choosing not to wear a protective mask during a global pandemic does not constitute a protected class. As such, this Court now joins other courts who have considered mask requirements in schools and applies rational basis review. *See e.g., Gunter v. N. Wasco Cnty. Sch. Dist. Bd. of Educ.*, 577 F. Supp. 3d 1141, 1157 (D. Or. 2021); *Stepien v. Murphy*, 574 F. Supp. 3d 229, 238 (D.N.J. 2021); *Doe v. Franklin Square Union Free Sch. Dist.*, 568 F. Supp. 3d 270, 275 (E.D.N.Y. 2021);

*Ragsdale*, 540 F. Supp. 3d at 1218 (N.D. Ga. 2021); *Oberheim*, 565 F. Supp. 3d at 619-206 (M.D. Pa. 2021).

Plaintiff argues that "Defendant[s] cannot now claim that its purpose in enforcing its policies is related to the protection of students and staff, when less than a month before, the wearing of face coverings was optional." (ECF No. 9 at Pg ID 170.)  However, the Court disagrees.  Defendants' only burden to support its practice of enforcing the mask requirement was to articulate how it relates to a legitimate state interest.  *See Blau*, 401 F.3d at 393 (citing *Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir. 2000) (Government actions which do not infringe on a fundamental right, including a school dress code, requires only rational relation to a legitimate state interest).  Further, a court in this district found "that [d]efendants have a rational basis for the mask policy that satisfies a legitimate state interest." *Lewandowski*, 2022 WL 125536, at *3.  The court also explained that [i]t is well-established law that actions aimed at protecting public health and welfare are only to be invalidated if they lack real or substantial relation to the protection.  *Id*. (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 31 (1905)).  Here the Court finds that Defendants had a legitimate state interest.

### D.    Remaining state law claim

Plaintiff asserts a state law claim of intentional infliction of emotional distress claims against Defendants.  The Court has supplemental jurisdiction over

these claims under 28 U.S.C. § 1367.  In § 1367, Congress granted district courts

the discretion to decline to exercise supplemental jurisdiction if *inter alia* all

claims over which there is original jurisdiction have been dismissed.  28 U.S.C.

§ 1367(c).  District courts have "broad discretion in deciding whether to exercise

supplemental jurisdiction over state law claims.  *Musson Theatrical, Inc. v. Fed.*

*Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).  This discretion is

circumscribed, however, by considerations of "judicial economy, convenience,

fairness, and comity."  *Id*. (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

350 (1988)).  "After a Rule 12(b)(6) dismissal, there is a strong presumption in

favor of dismissing supplemental claims."  *Id*. at 1255 (citations omitted) ("When

all federal claims are dismissed before trial, the balance of considerations usually

will point to dismissing state law claims, or remanding them to state court if the

action was removed.").

The Court is declining to exercise supplemental jurisdiction over Plaintiff's

state law claim.  No scheduling order has been issued, discovery has not begun,

and the Court has yet to invest significant time or resources in the litigation besides

addressing the pending Rule 12(b)(1) and (6) motions.  On the other hand, the

interest of comity strongly counsels that Plaintiff's state law claim proceed in state

court.

### E.   Motion to Amend

The Court must determine if Plaintiff's proposed amendment properly alleges an additional claim.  In Plaintiff's proposed Second Amended Complaint, Plaintiff "seeks to amend the Complaint to add a count alleging the mask mandate issued by the Defendant violates the non-delegation clause of the Michigan Constitution. [Mich. Comp. Laws] 380.lla(3)(b) 'to provide for the safety and welfare of pupils.'"  (ECF No. 11 at Pg ID 199.)  Plaintiff also attempts to add additional allegation regarding his standing (*see* ¶¶ 34-41, ECF No. 11-1 at Pg ID) and two additional state law claims (*see* ECF No. 11-1 at Pg ID 237-39).

Defendants object and argue that the motion is futile because M.S. "was not subject to the Washtenaw County Health Department's emergency public health order requiring face masks in schools because she obtained a medical waiver from that order shortly after filing this action."  (ECF No. 12 at Pg ID 242.)  Further, it is futile "because the Health Department rescinded its public health order effective February 28, 2022."[3]  (*Id*.)  As such, Defendants argue that Plaintiff's claims are moot.

---

[3] Available at
https://www.washtenaw.org/DocumentCenter/View/24230/Washtenaw-CountyHealth-Department-lifts-K12-mask-order-as-of-Feb-28 (last accessed September 20, 2022).

## VI.    Conclusion

For the reasons set forth in this decision, the claims in Plaintiff's Amended Complaint are subject to dismissal.  The Court also declines to exercise supplemental jurisdiction over the remaining state law claim (Count III).  For that reason, the Court deems it inappropriate to address DPSCD's arguments for dismissal of this claim and is remanding this action to state court.  Further, the Court finds that the additional allegations and counts are futile as they do not change the Court's analysis on dismissal of Plaintiff's federal claims.  As such, the motion to amend the complaint is denied without prejudice.

Accordingly,

**IT IS ORDERED**, Defendants' motion to dismiss (ECF No. 6) is **GRANTED** in that Counts I, II, and IV of the complaint, only, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court for Washtenaw County, Michigan for any further determination of Plaintiff's state law claims.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: September 21, 2022